## IRA STROUD *vs.* WILLIAM PIERCE.

If a purchase of personal property has been rescinded on the ground of a breach of warranty, and the property returned to the vendor, a declaration, in an action by the vendee to recover back the consideration paid by him, which alleges that the property was paid for in money, is not sustained by proof that it was paid for by an order on a third person payable in specific articles, although such order was treated as money by the parties at the time of the sale.

An untrue representation or affirmation by the vendor of a pianoforte, that " it is well made and will stand up to concert pitch," may authorize the purchaser to rescind the contract.

CONTRACT. The declaration alleged that the defendant, in consideration that the plaintiff would buy of him a certain pianoforte at and for a certain price or sum of money, to wit, the sum of $300, undertook and promised to the plaintiff that it was as good as any other that was made for that price, and would give him good satisfaction, and that it was well made,

and would stand up to concert pitch; and the plaintiff, confiding in said promise and undertaking, bought the pianoforte of the defendant, and paid him the said sum of money; and the pianoforte proved worthless, and was not well made and would not stand up to concert pitch, " and could not be put there;" wherefore the plaintiff returned it to the defendant, and demanded the price paid therefor, &c. The answer denied the various allegations of the declaration, and among other things denied that the pianoforte was sold for any sum of money, and averred that the consideration paid for it was lumber and its proceeds.

At the trial in the superior court, before *Brigham,* J., the plaintiff introduced evidence tending to support the averments of the declaration. The defendant introduced evidence tending to show that the pianoforte was paid for by an accepted order on a third person, payable in lumber; and asked the court to rule that this fact, if proved, would show a variance between the averment of the declaration and the proof; but the judge, under the pleadings, ruled otherwise.

It also appeared that the defendant was not a manufacturer but a seller of pianofortes, and he contended that the affirmations alleged and relied upon were mere expressions of opinion. The judge instructed the jury that the representations that the pianoforte was as good as any made for the price, and would give good satisfaction, were expressions of opinion which, if false, would not constitute any ground for avoiding the sale and recovering back the consideration; that a representation that a pianoforte is well made and will stand up to concert pitch is a representation of fact, which, if proved to be false, as between a seller making the representation and a buyer relying upon it, would authorize the buyer to recover back the consideration paid, upon a rescission of the contract, if the pianoforte was returned within a reasonable time, " notwithstanding the price paid consisted of an order by the buyer on a third party, accepted by such third party, as payment by the seller, and payable in merchandise to the seller at the lowest cash market price, if this order was treated as cash by the parties at the time of sale."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*M. Wilcox & H. L. Dawes,* for the defendant, cited, as to the question of pleading, *Sheehy* v. *Mandeville,* 7 Cranch, 208 ; *Stone* v. *White,* 8 Gray, 589, and cases there cited; and as to the character of the representations, *Gordon* v. *Parmelee,* 2 Allen, 212 ; and to the point that it should have been left to the jury to determine whether the representations were intended as a warranty, 1 Parsons on Con. 464, *n. ; Duffee* v. *Mason,* 8 Cow. 25 ; *Morrill* v. *Wallace,* 9 N. H. 111 ; *Foster* v. *Caldwell,* 18 Verm. 176.

*T. P. Pingree, Jr.,* (*J. D. Colt* with him,) for the plaintiff. The representation, if untrue, was sufficient to authorize the rescission of the contract. *Henshaw* v. *Robins,* 9 Met. 88, and cases there cited. Story on Sales, (3d ed.) § 357, *n.* If the order was treated as money, the averment of consideration is well sustained. A plaintiff may always recover in assumpsit for money paid, if he can prove that the commodity which was received by the defendant was treated by both parties as money. 2 Greenl. Ev. § 113. If, however, this view is not sustained, the plaintiff asks for leave to amend.

CHAPMAN, J. The first exception relates to the ruling of the judge on the question of variance. The declaration sets forth a sale of a pianoforte with a warranty, and alleges that it was paid for in cash. The pianoforte was returned by the vendee, and the action is brought to recover back the consideration paid. The defendant, having offered evidence tending to show that the payment was not in cash, but by an order payable in lumber, requested the court to rule, in substance, that if payment was thus to be made, there was a variance between the declaration and the proof. But the court ruled otherwise. This ruling was erroneous. The allegation of a consideration in money would not be sustained by proof of a consideration in specific articles, in an action to recover back the consideration. The practice act does not change the rule that has always existed on this subject. *Stone* v. *White,* 8 Gray, 594. The plaintiff must set forth with accuracy the substantive facts of his case.

There is some reason to believe that the defendant suffered no practical injury by this ruling, and that the objection is merely technical; for the jury were instructed that, " notwithstanding the price paid consisted of an order by the buyer on a third party, accepted by such third party, as payment by the seller, and payable in merchandise to the seller at the lowest cash market price, if this order was treated as cash by the parties at the time of sale," the plaintiff might recover the price paid in money. The qualification as to the merchandise being treated as cash by the parties makes the ruling substantially correct on the question of damages. But the court cannot be sufficiently certain that the defendant suffered no detriment by the ruling as to the variance to permit the verdict to stand, and allow an amendment of the declaration for the sake of sustaining it. A new trial must be had; and the plaintiff may renew his motion for leave to amend in the court below, in order to enable him to meet this aspect of his case, if he thinks the evidence will require it. That court can fix the terms of the amendment.

The second exception relates to the ruling of the judge, that " a representation that a pianoforte is well made and will stand up to concert pitch is a representation of fact, which, if proved to be false, as between a seller making the representation and a buyer relying upon it, would authorize the buyer to recover," &c. The word " representation " was undoubtedly used here as synonymous with affirmation; and there can be no doubt that such an affirmation is a warranty. It relates to the quality of the article, and is like an affirmation that a horse is sound and will work well in a harness. The defendant contends that it should have been left to the jury to find whether this language was used with the intention of affirming the fact, or of expressing an opinion. But the intent of the party is immaterial. The legal proposition stated by the judge was correct.

*Exceptions sustained.*